Donald R. BEUCKE, Petitioner,

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE; United States of America, Respondents.**

Donald R. Beucke, Petitioner,

v.

**United States Department of Agriculture; United States of America, Respondents.**

Nos. 06–75358, 07–70033.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 17, 2008.

Filed Aug. 6, 2008.

Effie F. Anastassiou, Salinas, CA, for Petitioner.

William Jenson, Marc L. Kesselman, Ann M. Veneman, U.S. Department of Agriculture, Leslie K. Lagomarcino, Stephen M. Reilly, U.S. Department of Agriculture, Office of the General Counsel, Nancy S. Bryson, Venable LLP, Washington, DC, for Respondents.

Before: W. FLETCHER and TALLMAN, Circuit Judges, and BERTELSMAN,* District Judge.

## MEMORANDUM **

Donald Beucke petitions for review of the decisions of the Secretary of Agriculture affirming the administrative law judge's decision that he was "responsibly connected" to Garden Fresh Produce and to Bayside Produce. The Secretary had found that those companies had violated 7 U.S.C. § 499b(4), a provision of the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. §§ 499a–499s, by failing to pay produce suppliers. Beucke also alleges a series of procedural errors by the Secretary over the course of the administrative hearings.

We "'review final decisions in PACA cases under the deferential standard of the [APA]. Under that standard, we must "uphold the Judicial Officer's decision unless we find it to be arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence."'" *Kleiman & Hochberg, Inc. v. Dep't of Agric.*, 497 F.3d 681, 686 (D.C.Cir. 2007) (citations omitted). Agency factual findings are reviewed under the substantial evidence test. *Citizens To Preserve Overton Park v. Volpe*, 401 U.S. 402, 414, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). This review means that the record must support an agency determination in the form of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

We review for abuse of discretion agency decisions regarding the production of a

---

* The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

report pursuant to the Jencks Act. *Blackfoot Livestock Comm'n v. Dep't of Agric.*, 810 F.2d 916, 923 (9th Cir.1987). We review de novo due process claims relating to administrative proceedings. *Carpenter v. Mineta*, 432 F.3d 1029, 1032 (9th Cir. 2005).

■ We first conclude that the Judicial Officer's ("JO") decision that Beucke was "responsibly connected" to Bayside Produce was supported by substantial evidence; Beucke did not rebut the presumption created by his 33–1/3 percent ownership of the company. *See* 7 U.S.C. § 499a(b)(9)(B) (providing that an individual is presumed to be responsibly connected if serving as an "officer, director, or holder of more than 10 per centum of the outstanding stock" of the violating company). First, Beucke did not "demonstrate [ ] by a preponderance of the evidence that [he] was not actively involved in the activities resulting in" the PACA violation. *Id.* § 499a(b)(9). Instead, he purchased produce on more than 30 occasions during the violations period. Second, Beucke did not demonstrate that he was only "nominally a partner, officer, director, or shareholder" of Bayside Produce. *Id.* Instead, Beucke had a stock certificate issued in his name; attended the formal Bayside Produce meetings; was authorized to draw funds on Bayside Produce's bank accounts; and signed 20 checks for Bayside Produce during the violations period.

■ In contrast, we conclude that the JO's decision that Beucke was responsibly connected to Garden Fresh Produce was not supported by substantial evidence. Instead, Beucke successfully rebutted the presumption created by his 20 percent ownership interest in the company. Beucke demonstrated that he was not "actively involved" in the transactions forming the basis for the PACA violation. *See Maldonado v. Dep't of Agric.*, 154 F.3d 1086, 1087–88 (9th Cir.1998). The JO

found that "[t]he record does not contain evidence that Petitioner was directly involved in any of the transactions" for which Garden Fresh had been held liable. Indeed, the produce suppliers consistently testified that Beucke had an impeccable reputation in the produce business. Further, Beucke demonstrated that he was only nominally an officer of Garden Fresh and "lacked any 'actual, significant nexus with the violating company[.]'" *Id.* at 1088 (citations omitted). Beucke had no duties or responsibilities in his named roles; did not attend the organizational meeting or subsequent formal company meetings; received only nominal pay ($1,500) in the company's first year; and signed no checks within the violations period. Because we so hold, we need not address Beucke's contention that the agency violated his due process rights when using evidence from another individual's hearing to support its finding that Beucke was responsibly connected to Garden Fresh.

■ We also conclude that the JO did not abuse its discretion in holding that the licensing and employment restrictions on Beucke pursuant to 7 U.S.C. §§ 499d(b) and 499h(b) did not begin running upon the ALJ's decision in his case or in the related underlying cases against Garden Fresh and Bayside. The JO relied on sources such as PACA Rule, 7 C.F.R. § 1.142(c)(4) (providing that ALJ decisions are not final if there is an appeal to the Judicial Officer), and on the remedial purposes of the PACA. The fact that the agency potentially could have chosen to make the date retroactive does not mean that it was required to do so, given the Secretary's discretion to "fashion [ ] ... an appropriate and reasonable remedy[.]" *Butz v. Glover Livestock Comm'n Co.*, 411 U.S. 182, 93 S.Ct. 1455, 36 L.Ed.2d 142 (1973); *see also Frank Tambone, Inc. v. Dep't of Agric.*, 50 F.3d 52, 54–56 (D.C.Cir. 1995).

Beucke also objects to the agency's refusal to provide him with a copy of a report referred to during one of his administrative hearings. He relies on the PACA Rules of Practice for Disciplinary Hearings, 7 C.F.R. § 1.141(h)(1)(iii), which requires the production of certain documents in conformity with the Jencks Act, 18 U.S.C. § 3500. *Norinsberg Corp. v. Dep't of Agric.,* 47 F.3d 1224, 1228 n.3 (D.C.Cir. 1995). We do not reach the question of whether the agency abused its discretion in not compelling the production of the investigative report. Even if there were a Jencks Act error, it was harmless, because the Secretary did not base its responsibly connected decision on information in the report. *Blackfoot,* 810 F.2d at 923.

Beucke points to other due process violations, but he had no right to any of the procedures to which he points. *Cf. Kleiman,* 497 F.3d at 691 n. 7.

The petition for review is **DENIED** in Case No. 07–70033 and **GRANTED** in Case No. 06–75358. Each party shall bear its own costs.